OFFICE COPY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**12 CIV 0246**

| | |
|---|---|
| EASTMAN KODAK COMPANY, | |
| Plaintiff, | Case No. _____ |
| v. | Judge: _____ |
| ALTEK CORPORATION. | **COMPLAINT AND JURY DEMAND** |
| Defendant. | |

RECEIVED
JAN 12 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff Eastman Kodak Company ("Kodak"), for its Complaint against Altek Corporation ("Altek") hereby alleges as follows and demands a jury trial on all the issues so triable.

### NATURE OF THE ACTION

1.      This civil action arises under the laws of the United States and the State of New York and is brought to redress Altek's breach of its agreement to compensate Kodak for Altek's use of Kodak's patented digital camera technology.

2.      Founded in 1892, Kodak has a long history of innovation in photography and image processing.  Among many other significant inventions, Kodak and its founder, George Eastman, invented photographic plates in 1879, roll-up film in 1883, and the hand-held camera in 1888.  Kodak engineers also designed and built the camera that Neil Armstrong used on the first walk on the moon.

3.      Kodak's innovations continued in the age of digital photography.  In 1975, Kodak invented the first digital camera.  Since then, Kodak has invested billions of dollars in research and development of digital imaging technology.  Kodak's significant investment in research and development has resulted in a continuing stream of improvements to digital imaging

technology—improvements that have led to more than 1,000 Kodak patents in the field of digital imaging. Recognizing the value of Kodak's innovations, most competitors in the digital space have taken licenses to Kodak's digital imaging patents.

4.      Kodak and Altek entered a license agreement on July 1, 2004 ("Agreement"), under which Kodak granted Altek the right to make and sell digital cameras using Kodak's patented digital camera technology in exchange for royalty payments and compliance with other requirements. Altek has failed to comply with the requirements of the Agreement, and has improperly withheld millions of dollars in royalties on its sales of digital cameras.

5.      First, Altek has improperly failed to make royalty payments on certain royalty bearing digital cameras. In March 2011, an independent auditor determined that Altek withheld millions of dollars of royalty payments from 2007 through 2009 based on Altek's purported reliance on a provision in the Agreement that excuses Altek from paying royalties on certain Contract Assembly Digital Cameras (the "Contract Assembly Exception"). But Altek has failed to provide any information establishing that these sales fall within the Contract Assembly Exception. Altek's failure to pay millions of dollars of royalties on its digital camera sales, without justification, is a material breach of the Agreement, and has caused Kodak significant harm.

6.      Second, Altek has improperly failed to make royalty payments on its royalty bearing digital camera sales to other Kodak Digital Camera Portfolio licensees, including Sanyo. The Agreement excuses Altek from paying royalties on sales to another Kodak licensee if (1) Altek, Kodak, and the other Kodak licensee agree in writing that the royalties will be paid directly by the other licensee and (2) the royalties are in fact paid by the other licensee. In March 2011, an independent auditor found that Altek has withheld millions of dollars of royalty

payments from 2007 through 2009 on digital camera sales to Sanyo based on Altek's purported reliance on this provision. But Kodak has never agreed to allow any other licensee, including Sanyo, to pay royalties on Altek's behalf, rendering this exception inapplicable. Altek has similarly failed to establish that any Kodak licensee, including Sanyo, has made all of the required royalty payments on Altek's behalf. Altek has reaped enormous benefits by using Kodak's patented technology to make and sell cameras to Sanyo and other Kodak licensees, but has failed to properly compensate Kodak for that use. This is a material breach of the Agreement that has caused Kodak significant harm.

7.     Third, Altek has failed to properly report its sales as required by the Agreement. The Agreement requires Altek to report to Kodak, among other things, all of its digital camera sales, including digital camera sales that it claims should be excluded from its royalty payments. The Agreement also requires Altek to provide details on any excluded royalty payments, including the model numbers of the digital cameras that Altek believes should be excluded from its royalty requirements, and the reasons that Altek is withholding royalties. Altek has not reported any information whatsoever to Kodak about the sales that it excluded under the Agreement. This is a further material breach of the Agreement.

8.     Fourth, the Agreement requires Altek to maintain complete and accurate records as to royalties due under the Agreement and to retain these records for at least three years. Nonetheless, when an independent auditor requested sales details that Altek used to prepare royalty reports within the prior three years, Altek asserted that it has not retained all of its underlying sales records. Altek has also purportedly failed to maintain records supporting its decision to withhold millions of dollars in royalty payments pursuant to the Contract Assembly

Exception. Altek's purported failure to maintain these records is a further material breach of the Agreement.

9.      By not maintaining or concealing records underlying its royalty payments, Altek effectively concealed the extent of its underpayment of royalties and breached the Agreement. Atek's actions have prevented a full audit of its royalty payments and related practices.

10.     As a result of these actions and others described below, Kodak seeks: (1) a declaration pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 that the Agreement is valid and that Altek has certain obligations under the Agreement; (2) damages resulting from Altek's breach of contract; (3) an order and award of specific performance requiring Altek to comply with the terms of the Agreement; and (4) all other appropriate remedies to which Kodak is entitled.

11.     Kodak repeatedly attempted to resolve this dispute with Altek before filing suit. Among other efforts, Kodak met with Altek to discuss Altek's failure to perform under the Agreement. Nevertheless, Altek refused to take any corrective action.

## PARTIES, JURISDICTION, AND VENUE

12.     Kodak is a corporation organized and existing under the laws of New Jersey with a principal place of business at 343 State Street, Rochester, New York 14650.

13.     Upon information and belief, Altek is a Taiwanese corporation with its principal office at 3F No. 10, Li-Hsin Road, Science-Based Industrial Park, Hsinchu, Taiwan R.O.C.

14.     This Court has jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. The amount in controversy exceeds $75,000.

15.     This Court also has jurisdiction pursuant to the laws of New York, including the state's long-arm statute, C.P.L.R. § 302(A)(1), for at least the following reasons:

- 4 -

- Altek has had an ongoing contractual relationship with Kodak, a New York based company, since 2004, when it entered the Agreement with Kodak;

- The Agreement is governed by New York law;

- Altek corresponded with Kodak in New York regarding the Agreement and Altek's performance under the Agreement;

- Altek agreed to provide royalty payments to Kodak in New York;

- Altek agreed to send royalty reports to Kodak in New York,

- Altek has sent royalty reports and payments to Kodak in New York;

- Altek breached the Agreement in New York by failing to provide proper royalty payments;

- Altek breached the Agreement in New York by failing to provide accurate royalty reports;

- Upon information and belief, the digital cameras that Altek manufactures are sold in New York.

16.     Venue is proper under 28 U.S.C.A. § 1391 because Altek is subject to personal jurisdiction in this district and events giving rise to Kodak's claims occurred in New York.

## FACTUAL ALLEGATIONS

**A.     Kodak's License of Digital Camera Technology to Altek**

17.     Kodak has an extensive portfolio of digital camera patents. Pursuant to the Agreement, Kodak granted Altek a license to make and sell digital camera products using certain Kodak inventions in exchange for royalties on Altek's sales.

18.     Kodak and Altek signed the Agreement on July 1, 2004. The Agreement is effective through June 30, 2014, and is governed by New York law. Article 9.6 of the Agreement provides that the Agreement "constitutes the entire Agreement between the parties" and can only be modified by a writing signed by both parties.

### 1.   Altek Agreed to Pay Royalties on its Sales of Altek Branded and Third-Party Branded Products

19.   Under the terms of the Agreement, Altek is permitted to sell licensed digital camera technology under its own tradename or as an OEM under a tradename owned by a third-party.  Altek is required to pay a royalty on all of these sales, subject to three limited exceptions: (1) Altek is not required to pay royalties on its sales to Kodak; (2) Altek is not required to pay royalties under the Contract Assembly Exception if the net sales price received by Altek for the sale of a digital camera is less than fifty percent of the open market price that Altek receives for the sale of the same or similar camera; and (3) Altek is not required to pay royalties on its sales to other licensees to Kodak's Digital Camera Portfolio if  (a) Altek, Kodak, and the other Kodak licensee agree in writing that the royalties will be paid directly by the other licensee, and (b) the royalties are in fact paid by the other licensee.

20.   Under the Agreement, Altek agreed to pay royalties to Kodak on its digital camera sales during the month following the end of each quarter.  It further agreed that, if it failes to pay any royalties within the prescribed time limit, it owes Kodak interest on the unpaid royalties.  Any owed interest accrues from the date the royalties are due to the date payment is made.

### 2.   Altek Agreed to Submit Royalty Reports Identifying All Sales of Licensed Products

21.   Under the Agreement, Altek also agreed to submit written royalty reports to Kodak at the end of each calendar quarter detailing all of its sales and the royalties due for these sales.

### 3. Altek Agreed to Maintain Complete and Accurate Royalty Records For Auditing

22.    Under the Agreement, Altek agreed to maintain complete and accurate records regarding the royalties detailed in its royalty reports for at least three years after submitting each report.

23.    The parties also agreed that, once every year, Kodak is entitled to audit Altek's royalty records.

### B. Altek's Breaches of the Agreement

#### 1. Altek Has Improperly Withheld Royalty Payments that Do Not Satisfy the Contract Assembly Exception

24.    In March 2011, an independent auditor determined that Altek failed to make millions of dollars of royalty payments from 2007 through 2009 based on Altek's purported reliance on the Contract Assembly Exception.

25.    Altek refuses to provide any evidence showing that the revenues it receives for these excluded digital camera sales amounts to less than fifty percent of the price that it receives for sales of the same or similar digital cameras, which is required for the Contract Assembly Exception to apply.

26.    Despite many requests, Altek also refuses to identify to Kodak its net sales of excluded digital cameras, the customers to whom it made these sales, the price at which the sales were made, and the price at which Altek typically sells equivalent digital cameras. Altek cannot claim that its digital camera sales fall under the Contract Assembly Exclusion without providing this information to Kodak.

27.    Altek's unjustified withholding of millions of dollars in royalties on digital camera sales under the Contract Assembly Exception is a material breach of the Agreement.

- 7 -

## 2.    Altek Failed to Pay Royalties on OEM Sales to Sanyo

28.    The Agreement provides a limited exception permitting Altek to withhold royalties on its sales to other Kodak licensees only if (a) Altek, Kodak, and the other Kodak licensee agree in writing that the royalties will be paid directly by the other licensee, and (b) the royalties are in fact paid by the other licensee.

29.    Altek is an OEM supplier of digital cameras to other Kodak Digital Camera Portfolio licensees, including Sanyo. But Altek has failed to pay any royalties to Kodak on its sales to Sanyo or other Kodak licensees.

30.    Kodak has never agreed to excuse Altek from paying royalties on its digital camera sales to another Kodak licensee, including Sanyo, and Altek has not provided any evidence that Sanyo, or any other Kodak licensee, has actually paid Kodak any royalties on the digital cameras that it purchases from Altek.

31.    Altek has materially breached the Agreement each and every quarter that it has failed to pay royalties on its digital camera sales to another Kodak licensee, including Sanyo.

32.    Altek's material breach has resulted in a significant underpayment of royalties due to Kodak under the Agreement.

## 3.    Altek Failed to Submit Accurate Royalty Reports

33.    Altek also has failed to submit accurate royalty reports, which, in addition to materially breaching the Agreement, has enabled Altek to conceal its unpaid royalties on digital camera sales.

34.    The Agreement requires Altek to submit royalty reports listing all of its digital camera sales and all royalties due on its digital camera sales, including sales that Altek claims fall within one of the exceptions to Altek's royalty obligations. Specifically, for digital camera sales that Altek contends are excluded from its royalty obligations, Altek must report to Kodak

the net sales of excluded digital cameras, the identity of all customers that purchased the excluded digital cameras, the model numbers of the excluded digital cameras, and the reason that royalties were not paid.

35.     Altek has never reported to Kodak any information about the royalty payments it has withheld on its sales of digital cameras pursuant to the Contract Assembly Exception, or to other Kodak licensees, including Sanyo.

36.     Altek has materially breached the Agreement for each quarter in which it submitted a royalty report that did not include the required information relating to its alleged sales that fall within the Contract Assembly Exception, or its sales to other Kodak licensees, including Sanyo.

37.     Altek's failure to submit accurate royalty reports concealed its underpayment of royalties from Kodak.  It also increased the cost and complexity of Kodak's audits of Altek's royalty payments and caused Kodak to spend additional time and resources to investigate Altek's underpayment of royalties.

**4.     Altek Failed to Preserve Records of its Digital Camera Sales**

38.     The Agreement requires Altek to maintain complete and accurate records regarding the royalties it owes for at least three years after it submits royalty reports to Kodak and grants Kodak the right to audit Altek's royalty records once a year.

39.     Kodak retained an independent auditor to conduct an inspection of Altek's royalty payments under the Agreement in April 2010.

40.     When the auditor requested sales details that Altek used to prepare royalty reports within the prior three years, Altek asserted that it has not retained all of its underlying sales records.  Altek also purportedly failed to retain records related to the digital camera sales that Altek claims are subject to the Contract Assembly Exception, including records of the price at

- 9 -

which Altek sold the excluded digital camera sales, and the open market price at which Altek sells the same or similar digital cameras. Altek's purported failure to retain these records is a material breach of the Agreement.

41.     Altek's purported failure to maintain records related to its royalty payments increased the cost and complexity of Kodak's audits of Altek's royalty payments and concealed Altek's underpayment of royalties from Kodak. As a result, among other things, Kodak has been forced to expend additional time and resources to try to determine the extent of Altek's failure to pay royalties and otherwise enforce the Agreement.

## CAUSES OF ACTION

## COUNT I: DECLARATORY JUDGMENT AS TO LICENSE AGREEMENT

42.     Kodak incorporates by reference paragraphs 1 through 41 as if set forth here in their entirety.

43.     There is a justiciable controversy between Kodak and Altek regarding Altek's obligations under the Agreement. Kodak contends that Altek has materially breached the Agreement by failing to pay all royalties due under the Agreement, failing to submit accurate royalty reports, and by purportedly failing to maintain records related to its royalty payments. Altek disputes these contentions and refuses to remedy its multiple breaches.

44.     Based on the foregoing allegations, a declaratory judgment is necessary to clarify and settle the legal rights and duties of the parties under the Agreement and afford relief to Kodak from the uncertainty, insecurity and controversy associated with Altek's efforts to evade the requirements of the Agreement.

45.     Pursuant to 28 U.S.C. §2201 and Federal Rule of Civil Procedure 57, Kodak seeks a declaration that the Agreement:

(i)      Is valid and enforceable;

(ii)      Requires Altek to pay royalties on all of its sales of digital cameras for which the Contract Assembly Exception does not apply (i.e., net sales price received by Altek for the sale is equal to or greater than fifty percent of the open market price that Altek receives for the sale of the same or similar camera);

(iii)      Requires Altek to pay royalties on all of its sales of digital cameras as an OEM, including but not limited to its sales to Sanyo;

(iv)      Requires Altek to pay interest on any late or unpaid royalties;

(v)      Requires Altek to submit accurate royalty reports that include:

> (a)      all OEM and branded digital camera sales, including all sales that Altek believes fall within one of the exceptions to its royalty obligations under the Agreement;
>
> (b)      the amount of royalties that accrued on Altek's digital camera sales, including all royalties on digital camera sales that Altek believes fall within one of the exceptions to its royalty obligations under the Agreement;
>
> (c)      a list of all companies for whom Altek manufactured digital cameras as an OEM, including digital cameras that Altek believes fall within one of the exceptions to its royalty obligations under the Agreement;
>
> (d)      the model numbers for any digital cameras that Altek believes fall within one of the exceptions to its royalty obligations under the Agreement; and
>
> (e)      the reason for withholding any royalties owed under the Agreement, if any;

and;

(vi)      Requires Altek to maintain complete records related to its royalty obligations under the Agreement, including the information that Altek failed to provide as described in paragraph 40, that would allow Kodak's auditor to confirm the accuracy

of Altek's royalty payments, or identify unpaid royalties on covered digital camera sales,

including but not limited to Altek's OEM digital camera sales to Sanyo or other Kodak

licensees and Altek's sales of digital cameras for which the Contract Assembly Exception

does not apply (i.e., the net sales price received by Altek for the sale is *equal to or*

*greater than* fifty percent of the open market price that Altek receives for the sale of the

same or similar camera).

## COUNT II: BREACH OF CONTRACT

46.     Kodak incorporates by reference paragraphs 1 through 45 as if set forth here in

their entirety.

47.     The Agreement is a valid and binding contract that was duly executed by Kodak

and Altek on July 1, 2004.

48.     Kodak has fully performed all of its duties and obligations under the Agreement.

Altek has materially breached the Agreement by, among other actions:

      (i)    Failing to pay royalties on all of its covered digital camera sales,
including (1) Altek's sales of digital cameras for which the Contract
Assembly Exclusion does not apply (i.e., the net sales price received by
Altek for the sale is *equal to or greater than* fifty percent of the open
market price that Altek receives for the sale of the same or similar
camera); and (2) Altek's sales of digital cameras to other Kodak
licensees, including Sanyo.

      (ii)   Failing to properly report all of its digital camera sales as required by
the Agreement,

      (iii)  Purportedly failing to maintain complete records relating to the royalties
it owes Kodak, including the information described in paragraph 40.

49.     Altek has separately breached the Agreement each time it has failed to pay

royalties, report sales, or maintain records in accordance with the terms of the Agreement.

50.     As a direct and proximate result of Altek's material breaches of the Agreement,

Kodak has suffered, and continues to suffer, harm.  Kodak's damages include, but are not limited

to: amounts owed under the Agreement, including unpaid royalties and interest (which continues to accrue); the increased cost of audits due to Altek's failure to report sales accurately, maintain complete and accurate records related to its royalty obligations; the time, money and other resources Kodak expended negotiating with Altek to obtain royalties due under the Agreement, determine if Altek was in compliance with the Agreement, and otherwise enforce the Agreement; and other monetary and non-monetary losses for which Altek is liable.  Exact damages will be proven at trial.

## PRAYER FOR RELIEF

51.    Kodak respectfully requests the following relief:

(i)    A declaration as described in Paragraph 45 and an order and award of specific performance in accordance with that declaration.

(ii)    Judgment in favor of Kodak and against Altek for damages Kodak has suffered due to Altek's multiple breaches of the Agreement, including unpaid royalty payments, interest on all unpaid royalty payments, damages related to Altek's failure to submit accurate royalty reports, damages related to Altek's purported failure to maintain records related to its royalty obligations, and pre-judgment and post-judgment interest as permitted by law.

(iii)    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Kodak demands trial by jury in this action of all issues so triable

Dated: New York, New York
        January 12, 2012

Respectfully submitted,

Robert J. Gunther, Jr.
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8800

- 13 -

Fax: (212) 230-8888
Email:  robert.gunther@wilmerhale.com

*Of Counsel*:

Michael J. Summersgill
Jordan L. Hirsch
Jonathan W. Woodard
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
Tel: (617) 526-6000
Fax:(617) 526-5000