UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>ALTEK CORPORATION,<br><br>        Defendant. | Civil Action No. 12-cv-0246-DLC<br><br>**ALTEK CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO EASTMAN KODAK COMPANY'S COMPLAINT** |

Defendant ALTEK CORPORATION, by and through its undersigned counsel, hereby answers the complaint of Eastman Kodak Company, filed January 12, 2012 (the "Complaint"), as follows:

## NATURE OF THE ACTION

1. Altek is informed and believes and on that basis admits that Plaintiff seeks relief under the laws of the United States and the State of New York. Except as so admitted, Altek denies the allegations of Paragraph 1.

2. Altek lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 and on that basis denies them.

3. Altek lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 and on that basis denies them.

4. Altek denies the allegations of Paragraph 4.

5. Altek denies the allegations of Paragraph 5.

6. Altek denies the allegations of Paragraph 6.

7. Altek denies the allegations of Paragraph 7.

8. Altek denies the allegations of Paragraph 8.

9. Altek denies the allegations of Paragraph 9.

10. Altek is informed and believes and on that basis admits that Plaintiff seeks relief as set forth in Paragraph 10. Except as so admitted, Altek denies the allegations of Paragraph 10.

11. Altek admits that in 2010 it met with Kodak. Except as specifically admitted, Altek denies the allegations of Paragraph 11.

## PARTIES, JURISDICTION, AND VENUE

12. Altek lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 and on that basis denies them.

13. Altek admits that it is a corporation formed under the laws of Taiwan. Altek further admits that it is headquartered in Hsinchu, Taiwan. Except as specifically admitted, Altek denies the allegations of Paragraph 13.

14. Altek admits that there is diversity of citizenship. Altek lacks knowledge or information sufficient to form a belief as to the truth or falsity of the second allegation of Paragraph 14 and on that basis denies it.

15. Altek admits that this Court has personal jurisdiction over Altek exclusively for purposes of this action. Except as specifically admitted in this Paragraph 15, Altek denies the allegations of Paragraph 15 of the Complaint.

16. Altek admits that venue is proper in this Court pursuant to 28 USC 1391(a)(3). Except as specifically admitted, Altek denies the allegations of Paragraph 16.

## FACTUAL ALLEGATIONS

17. Altek denies the allegations of Paragraph 17.

18. Altek denies the allegations of Paragraph 18.

19. Altek denies the allegations of Paragraph 19.

20. Altek denies the allegations of Paragraph 20.

21. Altek denies the allegations of Paragraph 21.

22. Altek denies the allegations of Paragraph 22.

23. Altek denies the allegations of Paragraph 23.

24. Altek denies the allegations of Paragraph 24.

25. Altek denies the allegations of Paragraph 25.

26. Altek denies the allegations of Paragraph 26.

27. Altek denies the allegations of Paragraph 27.

28. Altek denies the allegations of Paragraph 28.

29. Altek admits that it is a digital camera product supplier and that it has supplied digital camera products to Sanyo and other Kodak licensees.  Altek avers that it is not obligated to pay royalties on those sales.   Except as so admitted, Altek denies the allegations of Paragraph 29.

30. Altek denies the allegations of Paragraph 30.

31. Altek denies the allegations of Paragraph 31.

32. Altek denies the allegations of Paragraph 32.

33. Altek denies the allegations of Paragraph 33.

34. Altek denies the allegations of Paragraph 34.

35. Altek denies the allegations of Paragraph 35.

36. Altek denies the allegations of Paragraph 36.

37. Altek denies the allegations of Paragraph 37.

38. Altek denies the allegations of Paragraph 38.

39. Altek lacks knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations of Paragraph 39 and on that basis denies them.

40.	Altek denies the allegations of Paragraph 40.

41.	Altek denies the allegations of Paragraph 41.

## CAUSES OF ACTION

### COUNT 1: DECLARATORY JUDGMENT AS TO LICENSE AGREEMENT

42.	Altek incorporates by reference, as if fully set forth herein, its answers to the allegations set forth in Paragraphs 1-41 above.

43.	Altek denies the allegations of the first sentence in Paragraph 43. Altek is informed and believes, and on that basis admits, that Kodak purports to state a claim for breach of contract. Except as so admitted, Altek denies the allegations of Paragraph 43.

44.	Altek denies the allegations of Paragraph 44.

45.	Paragraph 45 is a request for relief to which no response is required

### COUNT II: BREACH OF CONTRACT

46.	Altek incorporates by reference, as if fully set forth herein, its answers to the allegations set forth in Paragraphs 1-45 above.

47.	Altek denies the allegations of Paragraph 47.

48.	Altek denies the allegations of Paragraph 48.

49.	Altek denies the allegations of Paragraph 49.

50.	Altek denies the allegations of Paragraph 50.

### AFFIRMATIVE DEFENSES

Altek asserts the following defenses. Altek reserves the right to amend its Answer with additional defenses as further information is obtained.

-5-

### FIRST AFFIRMATIVE DEFENSE

Kodak has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Kodak, by its acts and omissions, is barred from relief in this action by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

Kodak, by its acts and omissions, is barred from relief in this action by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

Kodak, by its acts and omissions, is barred from relief in this action by the doctrine of laches.  Kodak's delay in bringing this lawsuit is inexcusable given that Altek has been significantly prejudiced.  Kodak's negligence in acting more promptly has unfairly impaired Altek's ability to defend itself because witnesses and/or evidence may have become unavailable or lost.

### FIFTH AFFIRMATIVE DEFENSE

Kodak, by its acts and omissions, is barred from relief in this action by the doctrine of unclean hands, as Kodak has engaged in the conduct of which it complains in this action.

### SIXTH AFFIRMATIVE DEFENSE

Kodak, by its acts and omissions, is barred from relief in this action by the doctrine of acquiescence.  Kodak has acted in such a fashion as to have acquiesced in, or to have reasonably appeared to acquiesce in, the activities about which Kodak complains.

### SEVENTH AFFIRMATIVE DEFENSE

Kodak, by its acts and omissions, is barred from relief in this action because damages

sustained by Kodak, if any, were actually and proximately caused by Kodak's own conduct or misconduct.

### EIGHTH AFFIRMATIVE DEFENSE

Altek denies that Kodak suffered any damages, but even if it had, Kodak's Complaint is barred in whole or in part because Kodak failed to mitigate damages and to protect itself from avoidable consequences.

### NINTH AFFIRMATIVE DEFENSE

Kodak's Complaint is barred in whole or in part by its consent. Kodak has acted in such a fashion as to have consented to, or to have reasonably appeared to have consented to, the activities about which Kodak complains.

### TENTH AFFIRMATIVE DEFENSE

Altek is entitled to offset and recoup against any judgment that may be entered against it all obligations of Kodak owing to Altek.

### ELEVENTH AFFIRMATIVE DEFENSE

Kodak's prayer for recovery is barred, in whole or in part, by the Statute of Limitations.

### PRAYER

Wherefore, Altek prays as follows:

1. That Kodak takes nothing by reason of its Complaint and that judgment be rendered in Altek's favor;

2. That Altek be awarded its costs of suit incurred in defense of this action, including attorneys' fees; and

3. For such other and further relief that this Court may grant in Altek's favor.

## **DEMAND FOR JURY TRIAL**

Altek hereby demands a jury trial on all claims so triable.

Dated: New York, New York
March 9, 2012

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: ____/s/ Lisa T. Simpson_____
Lisa T. Simpson
51 W. 52nd Street
New York, NY  10019-6142
(212) 506-5000
lsimpson@orrick.com

Michael F. Heafey (admitted *pro hac vice*)
Theresa A. Sutton (admitted *pro hac vice*)
1000 March Road
Menlo Park, CA  94025-1021
(650) 614-7400
mheafey@orrick.com
tsutton@orrick.com

Attorneys for Defendant Altek Corporation