UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALTEK CORPORATION,<br><br>    Defendant. | 12-cv-246-DLC<br><br>**(PROPOSED) SCHEDULE FOR TARGETED FACT DISCOVERY AND SUMMARY JUDGMENT** |

Pursuant to the Court's instructions during the June 15, 2012 Initial Pretrial Conference, Plaintiff Eastman Kodak Company ("Kodak") and Defendant Altek Corporation ("Altek") submit this proposed schedule setting deadlines for targeted discovery and possible summary judgment related to the validity and interpretation of disputed provisions in the July 1, 2004 Patent License Agreement (the "PLA").

**I.  The Parties' Proposed Case Schedule And Topics for Discovery**

    **A.  Kodak's Proposed Topics for Discovery**

Kodak proposes that the parties complete targeted fact discovery relating to:

- The validity of the PLA, specifically the express condition requiring Altek's Board of Directors to approve the PLA;[1]

- Intrinsic and extrinsic evidence bearing on the proper interpretation of "open market price" as that term is used in the "Contract Assembly" exception of Section 4.14 of the PLA, as well as whether Altek was required to report such excluded sales in its royalty reports to Kodak;

- Intrinsic and extrinsic evidence bearing on the proper interpretation of the royalty exclusion set forth in Section 4.12 of the PLA;

- The negotiation of sections 9.1, 4.12 and 4.14 of the PLA, as well as the fifth and final WHEREAS clause found on Page 1 of the PLA;[2]

---

[1]  Kodak does not believe that fact discovery related to the validity of the PLA is necessary, however, it does not object to providing discovery related to the validity of the PLA at this stage.

- 1 -

- The bases for Altek's claim that its Digital Camera sales are covered by the Contract Assembly exception in Section 4.14 of the PLA, including but not limited to the amount of sales that Altek has excluded in reliance on this provision, how Altek calculated the "open market price' for those sales; and Altek's wholesale price to OEMs for Digital Cameras that are the same or similar to those that Altek excluded from its royalty payments pursuant to Section 4.14 of the PLA; and

- The bases for Altek's exclusion of royalty payments based on Section 4.12 of the PLA, including but not limited to the amount of sales that Altek has excluded in reliance on this provision.

The topics listed above relate directly to whether Altek is in breach of the PLA. Nevertheless, Altek refuses to provide at this stage discovery regarding (i) the sales that Altek has excluded for its royalty payments to Kodak pursuant to Section 4.14 of the PLA; (ii) Altek's calculation of open market price, as that term is used in Section 4.14 of the PLA; (iii) Altek's bases for excluding royalty payments to Kodak under Section 4.12 of the PLA; and (iv) the sales that Altek has excluded for its royalty payments to Kodak pursuant to Section 4.14 of the PLA.

Information related to Altek's bases for excluding sales under Sections 4.12 and 4.14 and the amount of sales that Altek excluded under these provisions is relevant to the Court's assessment of whether Altek's interpretation of Sections 4.12 and 4.14 of the PLA is reasonable. For example, Altek's application of the Contract Assembly exclusion in Section 4.14 since entering the PLA in 2004—as shown through its records of excluded sales and documents showing how it determined open market price—may demonstrate that Altek's contract interpretation arguments are inconsistent with the intent, purpose, and language of the PLA. Information related to the sales that Altek excluded under the PLA also is relevant to whether or not those sales actually meet the royalty exceptions contained in Sections 4.12 and 4.14 and whether Altek has breached the PLA.

---

[2]   Kodak does not believe that fact discovery related to the validity of the PLA is necessary, however, it does not object to providing discovery related to the validity of the PLA at this stage.

- 2 -

**B.     Altek's Proposed Topics for Discovery**

Altek has adopted the majority of the proposed categories of discovery made by Kodak as set forth below.  However, Altek objects to discovery that goes to the issues of damages, actual sales, sales prices, liability or other matters that go well beyond the interpretation of the PLA.  At the Court conference, the Court instructed that the parties define limited discovery relating to the provisions of the PLA and their proper interpretation.  It was clear that issues of liability and damages were not to be included in this initial stage of discovery so that it could be completed expeditiously and the parties could narrow the issues going forward.  Specifically, it was to be limited to intrinsic and extrinsic evidence on what the terms of the PLA mean and how they should be interpreted.  Kodak's claims that it is entitled to discovery now on whether <u>Altek breached the PLA</u> was not part of what the parties and the Court discussed for this stage of discovery.  Moreover, Kodak misrepresents the information that Altek is willing to provide at this stage. Altek proposes that the parties complete targeted fact discovery relating to following topics (as modified from Kodak's proposal):

- The validity of the PLA, specifically the express condition requiring Altek's Board of Directors to approve the PLA;

- Intrinsic and extrinsic evidence bearing on the proper interpretation of the "Contract Assembly" exception in Section 4.14 of the PLA, including the term "open market price" as that term is used in  the "Contract Assembly," as well as whether the PLA requires that sales excluded under this exception be reported in royalty reports to Kodak;

- Intrinsic and extrinsic evidence bearing on the proper interpretation of the royalty exclusion set forth in Section 4.12 of the PLA;

- The negotiation of sections 9.1, 4.12 and 4.14 of the PLA, as well as the fifth and final WHEREAS clause found on Page 1 of the PLA ;

- The bases for Altek's interpretation of "open market price" as referenced in the Contract Assembly exception in Section 4.14 of the PLA; and

- The bases for Kodak's interpretation of "open market price" as referenced in the Contract Assembly exception in Section 4.14 of the PLA

### C.   The Parties' Proposed Case Schedule

The parties agree that targeted fact discovery will be completed by **November 2, 2012**. Based on the evidence produced during this targeted fact discovery period, the parties agree that summary judgment motions will be submitted by **December 7, 2012**. Opposition Briefs will be submitted by **January 11, 2013**, and Reply Briefs will be submitted by **January 25, 2013**. After summary judgment has been resolved, the parties can meet and confer to determine additional case deadlines as appropriate, including, for example, deadlines for damages and liability discovery.

## II.   Other Limitations on Discovery

### 1.   Interrogatories

For purposes of the targeted discovery period that will conclude on November 2, 2012, the parties are limited to ten interrogatories each. The parties may revisit the need for additional interrogatories after summary judgment is resolved.

### 2.   Document Requests

For purposes of the targeted discovery period that will conclude on November 2, 2012 the parties are limited to fifteen document requests each. The parties may revisit the need for additional document requests after summary judgment is resolved.

### 3.   Requests for Admission

For purposes of the targeted discovery period that will conclude on November 2, 2012, the parties are limited to twenty requests for admission each. The parties may revisit the need for additional requests for admissions after summary judgment is resolved.

- 5 -

4. **Depositions**

For purposes of the targeted discovery period that will conclude on November 2, 2012, each party is entitled to serve one 30(b)(6) notice limited to the topics at issue in the initial discovery period. The parties may revisit the need for additional depositions after summary judgment is resolved.

a) Kodak's Proposal For the Length and Location of Depositions

Kodak proposes that depositions shall be limited to 7 hours for each English-speaking fact witness, and **12** hours for each witness for whom translation is required. Kodak also requests that Altek make available for deposition in the United States each witness that it may bring to the United States for trial.

b) Altek's Proposal For the Length and Location of Depositions

Altek proposes that depositions shall be limited to 7 hours for each English-speaking fact witness, and **10** hours for each witness for whom translation is required. Altek also proposes that 30(b)(6) witnesses must be deposed in the location where they reside so that ready access may be had to records and personnel, as necessary

///

Respectfully submitted,

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| *s/ Jonathan W. Woodard* | *s/ Lisa T. Simpson* (with permission) |
| Robert J. Gunther, Jr.<br>Wilmer Cutler Pickering Hale & Dorr, LLP<br>399 Park Avenue<br>New York, New York 10022<br>Tel: (212) 230-8800<br>Fax: (212) 230-8888<br>robert.gunther@wilmerhale.com | Lisa T. Simpson<br>51 W. 52nd Street<br>New York, NY  10019-6142<br>(212) 506-5000<br>lsimpson@orrick.com |
| Michael J. Summersgill<br>Jordan L. Hirsch<br>Jonathan W. Woodard<br>Wilmer Cutler Pickering Hale & Dorr, LLP<br>60 State Street<br>Boston, MA 02106<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000<br>michael.summersgill@wilmerhale.com<br>jordan.hirsch@wilmerhale.com<br>jonathan.woodard@wilmerhale.com | Michael F. Heafey (admitted *pro hac vice*)<br>1000 March Road<br>Menlo Park, CA  94025-1021<br>(650) 614-7400<br>mheafey@orrick.com |
| Attorneys for Eastman Kodak Company | Attorneys for Defendant Altek Corporation |
| Dated:    June 22, 2012 | Dated:    June 22, 2012 |