UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

7/9/2012

EASTMAN KODAK COMPANY,

    Plaintiff,

v.

ALTEK CORPORATION,

    Defendant.

Civil Action No. 12-cv-0246-DLC

**STIPULATED PROTECTIVE ORDER**

    WHEREAS, the parties believe in good faith that certain information discoverable in this case consists of financial, business, sales, technical or other types of commercially valuable information that the respective parties maintain in confidence in the ordinary course of business;

    WHEREAS, the parties reasonably believe that public disclosure of such confidential information would cause financial and competitive harms to the disclosing party;

    WHEREAS, the parties believe that good cause exists for the entry of this order pursuant to Fed. R. Civ. P. 26(c), which is narrowly tailored to protect the aforementioned confidential information of the parties;

    By reason of the foregoing, EASTMAN KODAK COMPANY and ALTEK CORPORATION (the "Parties") by and through their counsel, jointly request that the Court enter the following Stipulated Protective Order (hereinafter, "Protective Order") in this matter.

## PURPOSE AND SCOPE OF THIS ORDER

1. Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure is warranted. The Parties wish to ensure that any such confidential information is not used for any purpose other than this litigation, is not made public, and is not disseminated beyond necessary for the purposes of this litigation and that any disclosure of confidential information is made only in accordance with the procedures and requirements set forth in this Protective Order.

2. This Protective Order shall apply to trade secret, confidential and proprietary information, documents and things that are produced or disclosed in any form during the course of this action by any Party or any nonparty, including:

   a. through discovery;

   b. in any pleading, document or other writing; or

   c. in testimony given at a deposition.

This Protective Order similarly applies to all information copied or extracted from any of the above, and all copies, excerpts, summaries and compilations thereof. (The foregoing information, documents and things shall be referred to hereinafter collectively as "Litigation Materials.")

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

3. Any Party or nonparty producing or disclosing Litigation Materials in this action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by designating it in the manner set forth in Paragraph 4 below. The designation of Litigation Materials as "CONFIDENTIAL" shall be limited to information which the

disclosing Party or nonparty believes in good faith contains, constitutes or reveals confidential design, engineering or development information, confidential commercial information, non-public financial information, confidential or private information about current or former employees, contractors or vendors (including employee, contractor and vendor personnel records), or other information of a confidential, proprietary, private or personal nature.

The designation of information as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to trade secrets or other confidential commercial, licensing, or financial information which the disclosing Party or nonparty in good faith believes will result in competitive disadvantage or harm if disclosed to another Party to this action without restriction upon use or further disclosure. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

## MANNER OF DESIGNATION OF MATERIALS

4. A Party or nonparty may designate Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in the following manner:

   a. <u>Documents or Things</u>. "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment may be obtained by typing or stamping "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

   b. <u>Interrogatory Answers and Responses to Requests for Admissions</u>. In answering any interrogatory or request for admission, or any part thereof, a Party may designate its answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

ONLY." Such "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    c. Deposition Testimony. Any Party or nonparty giving deposition testimony in this Action may obtain "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment by designating the testimony, during the course of that testimony, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or alternatively, by designating the entire transcript as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to a good faith obligation, upon request from the other Party, to identify any non-confidential portions of the testimony (and/or any lesser "CONFIDENTIAL" portions in the event that the entire testimony is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY") within fourteen (14) calendar days after receipt of the final transcript of the testimony. The reporter shall separately transcribe and bind the testimony designated as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

In addition, all transcripts of deposition testimony and any related exhibits, and all information adduced in deposition, whether marked confidential or not, shall, in their entirety, be treated as "CONFIDENTIAL" for a period of fourteen (14) calendar days after receipt of the final transcript by counsel for the designating Party or nonparty. Any Party or nonparty may, within that fourteen (14) calendar day period described above, specifically designate information contained in the transcript(s) and/or exhibit(s) as "CONFIDENTIAL" or "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" by notifying all Parties in writing of the portions of the transcript or exhibit which contains such information. Each Party shall attach a copy of such written statement to the face page of the transcript or exhibit and to each copy in its or his possession, custody or control. Thereafter, these portions of the transcript or exhibits designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be treated in accordance with the terms of this Protective Order.

If, during the course of deposition testimony, any Party or nonparty reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to Paragraphs 6 and 7 hereof shall be excluded from the room in which the deposition testimony is given.

        d.        <u>Collections of Documents, DVDs, CD-Roms, Etc</u>. Typing or stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon the first page of a collection of Litigation Materials which are bound together shall have the effect of designating such collection in its entirety as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the case of disks, tapes, CD-ROMs, DVDs and other tangible storage media or devices, labeling, stamping or marking the outside of such disk, tape, CD-ROM, DVD or other medium or device with the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall have the effect of designating the entire contents of such disk, tape, CD-ROM, DVD or other medium or device, and all data stored thereupon, as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be.

5.      Each page of each document produced in discovery shall, to the extent practicable, bear a prefix identifying the producing party and a unique identifying number. Likewise, each discrete unit of each tangible item produced in discovery shall, to the extent practicable, also bear a prefix identifying the producing party and a unique identifying number.

## RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

6.      Any Litigation Materials produced or disclosed in this action, whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," may only be used for purposes of this litigation and not for any other purpose, including without limitation for any business or trade purpose. As used herein, the term "litigation" shall mean preparation for, participation in and prosecution and defense of any suit, motion, trial, appeal, hearing, review or other judicial proceeding or in connection with any mediation or other alternative dispute resolution procedure that this or any other court may order or that the Parties may agree to.

7.      Subject to Paragraphs 9 and 10 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

   a.      the attorneys for the Parties and their partners, shareholders, associates, document clerks and paralegals who are necessary to assist such attorneys;

   b.      secretaries, stenographers and other office or clerical personnel employed by said attorneys and who are necessary to assist such attorneys;

   c.      a named Party or officers or employees of a named Party, to the extent deemed necessary by their respective attorneys for purposes of assisting in litigation;

   d.      the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL" information;

  e. such other persons as may be consented to by the Party or nonparty designating such information as "CONFIDENTIAL" information;

  f. professional court reporters engaged to transcribe deposition testimony, and professional videographers engaged to videotape deposition testimony and translators;

  g. outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

  h. independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for purposes of litigation, provided that the requirements of Paragraph 10 are complied with prior to any disclosure

  8. Subject to Paragraphs 9 and 10 herein, and unless as otherwise ordered by the Court, Litigation Materials designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

  a. The outside attorneys for the Parties (not including in-house counsel for the Parties or any attorney who is an officer, director, shareholder or employee of any Party or its corporate affiliates) and their partners, shareholders, associates, document clerks and paralegals who are assigned to and necessary to assist such attorneys.  For the purposes of this subparagraph, "affiliate" shall mean any corporate parent or subsidiary of any Party, or any other entity that is under common control with any Party or corporate parent or subsidiary of any Party, or any of their successors or predecessors in interest;

  b. secretaries, stenographers and other office or clerical personnel employed by said outside attorneys and who assist them with respect to litigation;

   c.   the authors, senders, addressees and designated copy recipients of any document or thing which has been designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

   d.   such other persons as may be consented to by the Party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

   e.   outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators;

   f.   independent outside consultants or experts retained by the attorneys to the extent deemed necessary by said attorneys for the purposes of litigation, provided that the requirements of Paragraph 10 are complied with prior to any disclosure; and

   g.   professional court reporters engaged to transcribe deposition testimony, professional videographers engaged to videotape deposition testimony, and translators.

9.   None of the following is bound by or obligated under this Order in any respect and specifically are not bound or obligated to treat information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" in any particular manner:  the Court hearing this action (including the Court having jurisdiction of any appeal), Court personnel, court reporters working for the Court, translators working for the Court, or any jury impaneled in this action.

10.   Other than those identified in Paragraph 9 above, each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed shall be informed of the terms of this Protective Order and agree to be bound by it before disclosure to such persons of any such information. The persons described in Paragraphs 7(g), 7(h), 8(e), and 8(f) shall not have access to either "CONFIDENTIAL" or

"CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, as the case may be, until: (1) each such person has certified that they have read this Protective Order and have manifested their assent to be bound thereby by signing a copy of the Assurance of Compliance attached hereto as Exhibit A: and (2) each person described in Paragraphs 7(h) and 8(f) (*i.e.* outside consultants or experts) has provided a curriculum vitae that, in good faith, attempts to identify at least all other present and prior employments or consultancies. Copies of the signed Assurance of Compliance and curriculum vitae (for outside consultants and experts) shall be forwarded promptly to counsel for the producing Party. The producing Party shall have five (5) business days from receipt of such notice to object to disclosure to any of the persons so identified and setting forth the reason for the objection. The parties shall attempt to resolve any objections informally. If the objections cannot be resolved, the party objecting to the disclosure of information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" must, if it desires to prevent disclosure, move for Order of the Court prohibiting such disclosure. The party objecting to the disclosure shall move the Court for this relief within ten (10) business days from the time the parties reach an impasse and are unable to resolve the objections informally.

11.     The failure of any Party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

12.     In the event that a requesting Party disagrees with the designation by the producing entity of any Litigation Materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," the requesting Party's counsel shall advise counsel for the producing party in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within ten (10) days of receiving this written

objection, the producing entity shall advise whether the "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" designation will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise. On any such application, the producing party shall bear the burden of showing good cause for designating the document in question as confidential. During the pendency of any such dispute, the designated Litigation Materials shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL- ATTORNEYS' EYES ONLY," subject to the provisions of this Protective Order.

13. Nothing contained in this Protective Order shall restrict or prevent any Party or nonparty from disclosing or otherwise using its own Litigation Materials which that Party or nonparty produces or discloses in this action.

14. If the discovery process calls for the production of information, documents or tangible items that a Party cannot produce because the Party reasonably believes that its disclosure could breach an agreement with a third party to maintain such information in confidence, the producing party shall give written notice to the third party that its information is subject to discovery in this Action and shall provide the third party with a copy of this Order. The producing party also shall advise the putative receiving party of: (a) the fact that such notice has been given; and (b) the type of information being withheld; and (c) to the extent permitted by the agreement with the third party, the name of the third party. The requested information shall not be produced unless the third party so agrees or the requesting party secures a court order compelling production.

15. The inadvertent or unintentional disclosure by a producing Party or nonparty of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" Litigation

Materials during the course of this litigation, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's or nonparty's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Promptly upon discovery of inadvertent or unintentional disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Litigation Materials, the producing entity may notify the requesting party in writing that such documents or information were produced without the appropriate designation. The requesting party shall immediately treat the disclosed document or information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" upon receipt of such written notice. To the extent that the requesting party has already disclosed such information, such disclosure shall not be a violation of this Protective Order, but the requesting party shall promptly collect any copies of disclosed material that have been provided to individuals other than those authorized under this Protective Order, and shall destroy or return them to the producing entity.

16. Nothing in this Order shall be construed to require disclosure of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other applicable privilege or immunity. A producing party may produce a redacted version of information, documents or tangible things that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "REDACTED-PRIVILEGED," "RP," or another suitable designation.

17. If a Party or nonparty through inadvertence produces or provides discovery that it, he or she believes is subject to a claim of attorney-client privilege or work product immunity, the producing Party or nonparty may give written notice to the receiving Party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing Party or nonparty. The receiving Party shall promptly return to the producing Party or nonparty the inadvertently disclosed document and all copies of such document. Return of the document by the receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any Party from moving the Court for an Order that such document has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

18. This Protective Order shall not limit a party's examination, at a deposition, a hearing, or at trial, of persons who are not authorized to receive Protected Material under the terms of this Order, so long as such examination concerns Protected Material that the witness authored or previously had access to or knowledge of, as demonstrated by the Protected Material itself or by foundation or rebuttal testimony during a deposition, hearing or trial. This Order shall not prevent counsel from examining a witness in a good-faith effort to determine whether he or she authored or previously had access to or knowledge of any Protected Material.

19. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to a party-client or, in the course thereof, relying upon his or her knowledge of Protected Material; provided, however, that in rendering such advice the attorney shall not disclose Protected Material.

20. Nothing contained in this Protective Order shall affect the right of any Party or nonparty to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective orders from the Court in accordance with the Federal Rules of Civil Procedure and the Local Rules. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any Party.

### FILING AND USE IN COURT OF DESIGNATED MATERIALS

21. The Parties shall follow Rule 5.2 of the Federal Rules of Civil Procedure. the Electronic Case Rules and Instructions of the Southern District of New York, and Section 4(A) of the Court's Individual Practices when filing documents containing properly designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information.

### THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

22. If any Party or nonparty receives a subpoena or document request from a third party which purports to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other Party or nonparty, the Party or nonparty receiving such subpoena or document request (a) shall object and refuse to produce documents absent a Court Order or the consent of the Party or nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY", (b) immediately notify the Party or nonparty who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request, and (c) shall not oppose any effort by the Party or nonparty which designated the material as

"CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to quash the subpoena or obtain a protective order limiting discovery of such material.

## DISCOVERY FROM NONPARTIES

23. Discovery of nonparties may involve receipt of information, documents, things or testimony which include or contain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" materials or information. A nonparty producing such material in this case may designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" some or all of the material it produces in the same manner provided for in this Protective Order with respect to material furnished by or on behalf of the Parties. Any Party may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a nonparty that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material of the designating Party pursuant to this Protective Order, regardless of whether the producing nonparty has also so designated. In addition, a nonparty may also designate as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" any materials or information produced by a Party that constitute "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" material or information of such nonparty, regardless of whether the producing Party has also so designated. In either such an event, the designation providing for the greater level of protection for the material information shall control. Nonparty materials designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by a nonparty or Party shall be governed by the terms of this Protective Order.

-15-

## CONCLUSION OF LITIGATION

24.     Within thirty (30) days of the conclusion of this action, including any post-trial motions or appellate proceedings relating thereto, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, shall be returned to the attorneys for the Party or nonparty furnishing the same, or shall be destroyed by the attorneys having such documents in their possession.  In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed; provided, however, that outside counsel for each Party may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other Parties.  Such retained copy of pleadings and papers shall be maintained in a file accessible only to outside counsel bound by this Protective Order.  This Protective Order shall continue to be binding after the conclusion of this action.

## AMENDMENT OF THIS AGREEMENT

25.     The provisions of this Protective Order may be modified at any time by stipulation of the Parties as approved by Order of the Court.  In addition, a Party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court.

**IT IS SO ORDERED.**

This 4th day of July, 2012

_/s/ Denise Cote_
DENISE L. COTE
United States District Judge

We hereby consent to the form and entry of the foregoing Order

| WILMER CUTLER PICKERING HALE & DORR | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|---|---|
| By: *[signature]* | By: *[signature]* |
| Robert J. Gunther, Jr<br>399 Park Ave<br>New York, NY 10022<br>(212) 230-8800<br>robert.gunther@wilmerhale.com | Lisa T. Simpson<br>51 W. 52nd Street<br>New York, NY 10019-6142<br>(212) 506-5000<br>lsimpson@orrick.com |
| Michael J. Summersgill (*pro hav vice*)<br>Jordan L. Hirsch (*pro hac vice*)<br>Jonathan W. Woodard (*pro hac vice*)<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000<br>michael.summersgill@wilmerhale.com<br>jordan.hirsch@wilmerhale.com<br>jonathan.woodard@wilmerhale.com | Michael F. Heafey (admitted *pro hac vice*)<br>Morvarid Metanat (admitted *pro hac vice*)<br>1000 March Road<br>Menlo Park, CA 94025-1021<br>(650) 614-7400<br>mheafey@orrick.com<br>mmetanat@orrick.com |
| ATTORNEYS FOR PLAINTIFF EASTMAN KODAK COMPANY | ATTORNEYS FOR DEFENDANT ALTEK CORPORATION |
| Dated: June 28, 2012 | Dated: June 28, 2012 |

EXHIBIT A

**ASSURANCE OF COMPLIANCE**

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Stipulated Protective Order, ("Protective Order") dated _____ in the action entitled Eastman Kodak Company v. Altek Corporation, Case No. 12-cv-0246-DLC which currently is pending in the United States District Court for the Southern District of New York;

I am fully familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use, any Litigation Materials designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of the Protective Order.

DATED: _____            _____
                                                                    [Signature]