

**O**
**ORRICK**

September 20, 2012



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/24/2012

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

**VIA E-MAIL (COTENYSDCHAMBERS@NYSD.USCOURTS.GOV)**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St.
New York, New York 10007-1312

RECEIVED SEP 20 2012 CHAMBERS OF DENISE COTE

**MEMO ENDORSED**

Re: *Eastman Kodak Company v. Altek Corporation*, Case No. 12-cv-246 (SDNY)

Dear Judge Cote:

    Altek Corporation respectfully submits this letter in response to Eastman Kodak's September 19, 2012 letter requesting, inter alia, that the Court compel Altek to supplement its responses to Kodak's First Set of Requests for Admission. Given the circumstances, Kodak's request is premature and baseless. Altek is unable to admit or deny the Requests for Admission Nos. 1 and 2 at this time.

    Kodak's Request for Admission Nos. 1 and 2 state the following:

> **Request for Admission No. 1**: Admit that at no point prior to the date this lawsuit was filed did Altek inform Kodak that its board of directors had allegedly not approved the PLA.
>
> **Request for Admission No. 2**: Admit that at no point prior to the date this lawsuit was filed did Altek inform Kodak that it believed the PLA was invalid for lack of approval by Altek's board of directors.

    As Altek has informed Kodak, discovery is ongoing at this time. While Altek has had the opportunity to review many documents related to targeted discovery, its investigation continues. Indeed, "the use of Requests for Admissions at this stage of litigation is not desirable." *Siani v. State Univ. of New York at Farmingdale*, No. CV09407(JFB)(WDW), 2009 U.S. Dist. LEXIS 93593, *2 (E.D.N.Y, Oct. 7, 2009).

    Moreover, P.J. Chang and Michael Chen, the two individuals that were responsible for negotiating the PLA on behalf of Altek, are no longer Altek employees. Altek has limited access to these individuals and has been unable to determine whether they made representations regarding Altek's board approval to Kodak. Additionally, while a response to the requests may be "eked out" by interviewing third parties, such as P.J. Chang and Michael Chen, courts have been "disinclined to thrust on [defendants], as a condition of making a good faith statement of 'reasonable inquiry' under Rule 36(a), the burden of doing [plaintiffs'] job for them." *Dubin v. E.F. Hutton Group*, 125 F.R.D. 372 (S.D.N.Y. 1989) (internal citations omitted). It is well established that Requests for Admission are not a device by which to "discover" information" and should not be used to "bypass[] traditional discovery devices or . . . .avoid[] limitations on such devices, such as the interrogatory and deposition limits in this District." *Siani*, 2009 U.S. Dist. LEXIS 93593, *3.


ORRICK

The Honorable Denise L. Cote
September 20, 2012
Page 2

    Nevertheless, Altek has made attempts to depose individuals at Kodak that were involved in negotiating the PLA as well as the parties' relationship, such as Laura Quatela and Michael Pagano, to discover if Altek made any representations regarding board approval to Kodak. At every turn, however, Kodak has made efforts to stymie such attempts—limiting Altek to a single deposition of whomever it designates as its 30(b)(6) witness. Altek knows, for instance, that Laura Quatela was unquestionably involved in discussions with Altek regarding the provision in the PLA relating to board approval. Yet, Kodak has effectively denied Altek the opportunity to explore this issue with Ms. Quatela and, therefore, Altek is not in a position to admit or deny Kodak's Request Nos. 1 and 2. "Statements of inability to admit or deny are of course permitted by Rule 36, but they must be supported by specific reasons." *United States v. American Telephone & Telegraph Co.*, 83 F.R.D. 323, 333 (D.D.C. 1979). Altek has fulfilled its obligation to provide reasons for why it cannot admit or deny Request Nos. 1 and 2. Indeed, to the extent that Kodak attempts to move for summary judgment on these matters, Altek will submit a declaration pursuant to Federal Rule of Civil Procedure 56(d), opposing such a motion.

    Altek independently should not be compelled to respond to Kodak's Request for Admission No. 1 because it is vague, ambiguous, and irrelevant. This Request seeks that Altek admit or deny that it did not inform Kodak that its board "had ***allegedly not approved*** the PLA." (emphasis added). First, is unclear form the language of the request whether it seeks Altek to admit or deny the fact that Altek did not inform Kodak that its board had not *allegedly* approved the PLA, or whether it seeks information regarding whether Altek informed Kodak that its board had not approved the PLA. Second, the term "not approved" is similarly vague. It is unclear whether Kodak is requesting that Altek admit or deny that it took an affirmative action, as opposed to a passive one. As such, Altek cannot admit or deny this Request. *Siani*, 2009 U.S. Dist. LEXIS 93593, *5-6 (denying motion to compel RFA response where request was vague, ambiguous and susceptible to varied interpretations).

    Finally, Altek should not be compelled to supplement Request Nos. 1 and 2 because they are irrelevant to this action. It is Kodak's burden to prove that there is a binding contract in this matter. There is no indication that Altek had any obligation to communicate to Kodak whether its board had or had not approved the PLA. Altek respectfully requests that Kodak's request to compel Altek's responses to Request Nos. 1 and 2 be denied.

Very truly yours,

/s/ M.

Morvarid Metanat

MM/fbg

cc via e-mail: Jonathan W. Woodard, Esq.; Jordan L. Hirsch; Michael J. Summersgill;
                Robert J. Gunther, Jr.

OHSUSA:751791246.1

---

*Handwritten annotation by Judge Cote:*

Altek must bring its 30b6 witness to the United States. Targeted fact discovery ends 11/2/12. Altek must respond to the two RFAs by Oct. 1, 2012.

/s/ Denise Cote
Sept. 24, 2012