

September 19, 2012

**WILMERHALE**

**By Email**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Michael J. Summersgill

+1 617 526 6261 (t)
+1 617 526 5000 (f)
michael.summersgill@wilmerhale.com

Re: *Eastman Kodak Company v. Altek Corporation*, 12-cv-246 (DLC)

Dear Judge Cote:

Eastman Kodak Company respectfully submits this letter in response to Altek's September 17, 2012 letter regarding the location of the 30(b)(6) deposition of Altek's corporate designee. Kodak also respectfully requests that during the telephone conference that Altek has requested, the Court address Altek's refusal to respond to Kodak's Requests for Admissions.[1]

### I. Altek's September 17, 2012 Letter

Altek's request for an order requiring the 30(b)(6) deposition of Altek's corporate witness to occur in Taiwan should be denied. The Court has already addressed the location of depositions in this case and *rejected* Altek's request that the deposition of its 30(b)(6) witness occur in Taiwan.

On June 22, 2012, the parties submitted a proposed Discovery Order. (Dkt. 35.) In their proposal, the parties set forth competing requests for the location of the depositions of Altek's witnesses. Just as it does in its September 17 letter, Altek requested in the June 22 submission that the 30(b)(6) deposition of an Altek witness occur in Taiwan. (*Id.* at 5.) Kodak proposed that Altek be required to bring any witnesses that it may call at trial to the United States for deposition.

On June 25, 2012, the Court entered the Discovery Order and resolved the dispute regarding the location of depositions. (Dkt. 36 at 5.) The Court struck Altek's proposal in its entirety and granted Kodak's proposal. (*Id.*) Indeed, the Court crossed out Altek's request that the 30(b)(6) deposition of an Altek witness occur in Taiwan:

> b) Altek's Proposal For the Length and Location of Depositions
>
> Altek proposes that depositions shall be limited to 7 hours for each English-speaking fact witness, and 10 hours for each witness for whom translation is required. Altek also proposes that 30(b)(6) witnesses must be deposed in the location where they reside so that ready access may be had to records and personnel, as necessary

(*Id.*) The only addition the Court made to Kodak's deposition proposal was to require the parties to work together to schedule depositions (which, to date, the parties have done). (*Id.*)

---

[1] The parties met and conferred by telephone to discuss Altek's refusal to respond to Kodak's RFAs on August 17, 2012 but were unable to reach a resolution. Kodak notes that, in violation of Section 2(C) of the Court's Individual Practices and L.R. 37.1, Altek filed its September 17, 2012 letter regarding the location of depositions without telling Kodak that it would do so.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109
Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

September 19, 2012
Page 2

WILMERHALE

Consistent with the Court's Discovery Order, on September 6, 2012, Kodak served a 30(b)(6) notice on Altek, calling for a deposition in the United States. Despite the Court's earlier ruling, however, Altek now again insists that this deposition occur in Taiwan. Moreover, Altek simultaneously asserts that it may bring its 30(b)(6) designee to trial in the United States as a trial witness. (September 17, 2012 Email from Altek to Kodak ("Altek is unable to confirm at this time whether it intends to call its designated 30(b)(6) witness, Steve Shyr, at trial.").) Put differently, Altek seeks to do exactly what the Court already determined it *cannot* do: force Kodak to take the deposition of a potential trial witness and 30(b)(6) designee in Taiwan.

Altek should not be permitted to re-litigate this issue. The Court's earlier decision regarding the location of depositions was correct. If Altek can bring its 30(b)(6) designee to the United States for trial, it can bring the witness to the United States for deposition. Further, the Discovery Order limits the parties to a single 30(b)(6) deposition at this stage of the case—the parties are not permitted additional fact depositions. This ensures that Altek will not have to bring multiple witnesses to the United States for depositions during the period of targeted discovery.

Kodak remains willing to work with Altek regarding the exact location within the United States for the deposition. For example, Kodak is willing to travel to California for the deposition to minimize the travel time for Altek's Taiwanese witness. But given the Court's earlier ruling, and that the parties are limited to one 30(b)(6) deposition at this stage of the case, Altek's request that the 30(b)(6) deposition of its corporate designee occur in Taiwan should be denied.

II.     Altek's Refusal to Respond to Kodak's RFAs

In the June 25, 2012 Discovery Order, the Court also set forth the topics that the parties may pursue during the initial period of targeted discovery. One of those topics is Altek's argument that the Patent License Agreement ("PLA") that the parties entered in 2004 and that is at issue in this case is "invalid" because Altek's Board of Directors allegedly did not approve the agreement. (Dkt. 36 at 1.) Accordingly, on August 8, 2012, Kodak served two Requests for Admission directed to this claim. In RFA No. 1, Kodak seeks an admission that, prior to this lawsuit, Altek had never asserted that its Board of Directors did not approve the PLA. And in RFA No. 2, Kodak seeks an admission that before this lawsuit, Altek had never asserted that the PLA is invalid. These requests go directly to Altek's invalidity claim. If, as Kodak contends, Altek treated the PLA as valid for years and created its invalidity defense only after this suit was filed, its claim that the PLA is not valid should be rejected. Still, Altek refuses to provide *any response* to these RFAs. Instead, Altek claims that because discovery is ongoing, it may refuse to answer Kodak's requests for the time being. Altek must know what assertions it has made in the past regarding the validity of the PLA. Given that the targeted discovery period concludes in a matter of weeks, Altek should not be permitted to stall providing a response to these RFAs—even if its answers may damage its new assertion that the PLA is invalid. Kodak requests that Altek be compelled to provide a proper response to RFA Nos. 1 and 2.

Kodak is available to discuss the issues raised in this letter at the Court's convenience.

Respectfully submitted,

Michael J. Summersgill

ActiveUS 101169909v.1

September 19, 2012  
Page 3

**WILMERHALE**

cc:   Michael Heafey (by email)  
      Lisa T. Simpson (by email)  
      Morvarid Metanat (by email)  
      Robert J. Gunther, Jr. (by email)  
      Jordan L. Hirsch (by email)  
      Jonathan W. Woodard (by email)

ActiveUS 101169909v.1