

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

# ORRICK

September 17, 2012



**VIA E-MAIL (COTENYSDCHAMBERS@NYSD.USCOURTS.GOV.)**

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St.
New York, New York 10007-1312

Re:     _Eastman Kodak Company v. Altek Corporation,_ Case No. 12-cv-246 (SDNY)

Dear Judge Cote:

Defendant Altek Corporation respectfully requests an informal conference regarding a protective order to preclude depositions of Altek from occurring in New York. Altek is a Taiwanese Corporation located in Taiwan. Altek's designated 30(b)(6) witness is Steve Shyr, Altek's Chief Financial Officer who works and resides in Taiwan. In the _Kodak v. Ricoh Company_ matter Judge Cote recognized that it would be unreasonable for Kodak to conduct depositions of Japanese witnesses in the United States and ordered that depositions of Japanese witnesses occur in Japan. Should the Court order that witnesses travel to the United States, Altek requests that Plaintiff bear the witnesses costs.

## STATEMENT OF FACTS

On April 25, 2012, the parties met and conferred in preparation for the Initial Case Management Conference. The parties were unable to agree on the location of depositions. On June 15, 2012, the parties attended the Initial Pretrial Conference before Judge Cote. Declaration of Michael F. Heafey in Support of Request for Protective Order ("Heafey Decl."), ¶ 2. During this conference, the parties' dispute as to the location of depositions was not discussed or addressed by the parties or the Court. _Id._

The Court requested that the parties submit a Joint Schedule. Dkt. No. 31. The Schedule referenced the parties' dispute and outlined each party's position. _Id._ at 5. The Court then issued an Order that merely annotated the proposals. As to the deposition issues, the Court only put a line through Altek's submission and added that depositions take place at a time convenient for the witness. Dkt. No. 36.

On September 6, 2012 Kodak served Altek with a 30(b)(6) deposition notice that noticed the deposition for New York. Heafey Decl., ¶ 3. On September 17, 2012 the parties met and conferred and were unable to reach agreement on the location of the depositions. _Id._, ¶ 4.

## LEGAL ARGUMENT

Altek's principal place of business is in Taiwan. Altek has designated Steve Shyr, Altek's Chief Financial Officer who works and resides in Taiwan, as its 30(b)(6) witness. Requiring Mr. Shyr to attend the deposition in New York require him to travel in excess of 16 hours. Moreover, Mr. Shyr



ORRICK

The Honorable Denise L. Cote
September 17, 2012
Page 2

does not typically engage in business travel to the United States and has never traveled to the United States on behalf of Altek. It is well established that "corporate defendants are deposed at their principal place of business." *Dagen v. CFC Holdings, Ltd.,* No. 00-CV56582, 2003 U.S. Dist. LEXIS 13859, at *6 (S.D.N.Y. Aug. 11, 2003). "'The rationale for the presumption of deference to the defendant is that the plaintiff is free to choose the forum within which to litigate.' Since 'defendants are not before the court by choice, it is the plaintiff who should bear any reasonable burdens of inconvenience that the action presents." *Id.* at *5. Where a defendant's deposition is noticed for a location other than the defendant's place of residence or place of business, and the defendant objects to such a location, "the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the court to order the depositions to be held in an alternate location." *Id.* at *5-6. "This presumption satisfies the Rule 26(c) requirement of good cause." *Morin v. Nationwide Federal Credit Union,* 229 F.R.D. 362 (D. Conn. 2005).

Conducting the deposition in New York is also unreasonable because it would be nearly impossible, given 12 hour time difference, for Mr. Shyr to contact Altek during his deposition if presented with any questions requiring clarification or confirmation. Finally, this case does not have any "peculiar" circumstances, for example that "defendant is better able to hear [sic] the expenses of travel than plaintiff." *In the Matter of Supplementary Proceedings of Citizens Capital Corp. v. RMI Refinery, Inc.,* No. 83 Civ. 9273 (CSH), 1987 U.S. Dist. LEXIS 1797, * 2 (S.D.N.Y. March 13, 1987).

Like Ricoh, Altek disputes the reasonableness of conducting Altek's deposition in the United States and requests that the deposition take place in Taiwan where Altek and Steve Shyr are located. Altek will agree that the deposition be conducted under United States laws and procedures and would not assert that any Taiwanese law applied to the questions asked during the deposition. Altek will also agree that a witness that regularly travels to the United States may be deposed in the United States.

Altek respectfully requests that all depositions of all Taiwanese witnesses to go forward in Taiwan, where the witnesses live and work. Should the Court order that the individuals travel to the United States, Altek requests that plaintiff bear the witness costs.

Very truly yours,

Morvarid Metanat

MM/fbg

Attachment

cc via e-mail:  Jonathan W. Woodard, Esq.; Jordan L. Hirsch; Michael J. Summersgill; Robert J. Gunther, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EASTMAN KODAK COMPANY,

Plaintiff,

v.

ALTEK CORPORATION,

Defendant.

Civil Action No. 12-cv-0246-DLC

DECLARATION OF MICHAEL F.
HEAFEY IN SUPPORT OF ALTEK
CORPORATION'S LETTER REQUEST
FOR INFORMAL HEARING FOR
PROTECTIVE ORDER

I, Michael F. Heafey, hereby declare:

1.      I am a member of the State Bar of California and a partner with the firm of
Orrick, Herrington & Sutcliffe LLP, attorneys of record for Defendant Altek Corporation.
I make this declaration in support of the Altek's letter request for a protective order relieving
Altek's designated 30(b)(6) witness from having to attend a deposition in the United States. The
facts set forth in this declaration I know to be true of my own personal knowledge, except where
such facts are stated to be based on information and belief, and those facts I believe to be true. If
called as a witness I could and would testify competently to the matters set forth in this
declaration.

2.      On June 15, 2012, I attended the Initial Pretrial Conference before Judge Cote.
During this conference, the issue of the location of depositions was never discussed with the
Court or opposing counsel.

3.      On September 6, 2012, Kodak served Altek with a 30(b)(6) deposition notice.
This deposition requires Altek's designated 30(b)(6) witness to attend a deposition in New York.

4.      On September 17, 2012, the parties' counsel met and conferred regarding the
location of Altek's 30(b)(6) deposition. The parties were unable to agree on a location.

I declare under penalty of perjury under the laws of these United States that the foregoing

-2-

is true and correct and that this Declaration was executed this 17th day of September, 2012, in

Menlo Park, California.

Michael P. Heafey

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action.  My place of business is Orrick, Herrington & Sutcliffe, LLP, 1000 Marsh Road, Menlo Park, CA 94025.  On September 17, 2012, I served the within document:

| | |
|---|---|
| 1. | LETTER REQUEST TO HONORABLE JUDGE DENISE COTE FOR INFORMAL HEARING FOR PROTECTIVE ORDER; |
| 2. | DECLARATION OF MICHAEL F. HEAFEY IN SUPPORT OF ALTEK CORPORATION'S LETTER REQUEST FOR INFORMAL HEARING FOR PROTECTIVE ORDER |

| | |
|---|---|
| X | By transmitting via electronic mail the document(s) listed above to the email addresses set forth below before 12:00 Midnight on September 17, 2012. |
| X | By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Menlo Park, California addressed as set forth below on September 17, 2012 |

### ATTORNEYS FOR PLAINTIFF EASTMAN KODAK COMPANY

**Jonathan W Woodard**
jonathan.woodard@wilmerhale.com
**Jordan L Hirsch**
jordan.hirsch@wilmerhale.com
**Michael J Summersgill**
michael.summersgill@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000

**Robert J. Gunther , Jr**
Robert.Gunther@wilmerhale.com
WILMER, CUTLER, HALE & DORR, LLP
399 Park Avenue
New York, NY 10022
Tel: (212) 230-8830

I am readily familiar with my firm's practice for collection and processing of correspondence for electronically transmitting, overnight delivery and/or mailing in the United States, to wit, that correspondence be electronically transmitted, and deposited with the Overnight Courier and/or United States Postal Service this same day in the ordinary course of business.

-4-

Executed on September 17, 2012 at Menlo Park, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Fredricka Gatewood_
Fredricka Gatewood