```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/28/12
```

**WILMERHALE**

September 27, 2012

**By Email**

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 1610
New York, NY 10007

Michael J. Summersgill

+1 617 526 6261 (t)
+1 617 526 5000 (f)
michael.summersgill@wilmerhale.com

D 2 F
9/28/12



Re: *Eastman Kodak Company v. Altek Corporation*, 12-cv-246 (DLC)

Dear Judge Cote:

Plaintiff Eastman Kodak Company ("Kodak") respectfully submits this response to Altek Corporation's ("Altek") September 26, 2012 letter regarding limitations on depositions. For the second time in two weeks, Altek seeks discovery that is expressly prohibited by the Court's June 25, 2012 Discovery Order.[1]

In the June 25 Discovery Order, the Court explicitly held that for purposes of the targeted discovery period that ends on November 2, 2012: (1) the parties are limited to one 30(b)(6) deposition each; and (2) *any additional depositions* must occur after the targeted discovery period is complete and the Court has interpreted the terms of the Patent License Agreement ("PLA") at issue in this case:

> 4. **Depositions**
>
> For purposes of the targeted discovery period that will conclude on November 2, 2012, each party is entitled to serve one 30(b)(6) notice limited to the topics at issue in the initial discovery period. The parties may revisit the need for additional depositions after summary judgment is resolved.

(Dkt. 36 at 5.) Altek's request to pursue additional depositions at this stage—including depositions of former Kodak employee Michael Pagano and third party Andre-Troner Limited Company

---

[1] Altek sent its September 26 letter to the Court without telling Kodak that it would do so, in direct violation of Section 2(C) of the Court's Individual Practices and L.R. 37.1. Altek asserts in passing that the parties conferred on deposition limits. But the only time the parties discussed this issue was in late August, when Altek agreed to *withdraw* several deposition subpoenas that it had served in violation of the Discovery Order—including subpoenas it had served on Mr. Michael Pagano and ATLC, the same third parties Altek mentions in its September 26 letter and now apparently again seeks to depose. The parties have not discussed the issue since.

Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, Massachusetts 02109

Beijing    Berlin    Boston    Brussels    Frankfurt    London    Los Angeles    New York    Oxford    Palo Alto    Waltham    Washington

September 27, 2012  
Page 2

WILMERHALE

("ATLC")—is directly contrary to the Court's Order. Altek should not be permitted to ignore the Discovery Order and relitigate this issue.

Altek's request for additional depositions also is unnecessary and inefficient at this stage of the case. The targeted discovery period is limited to the interpretation of specific provisions of the PLA. This issue—the proper interpretation of a contract—is a legal question that does not require extensive fact discovery. One 30(b)(6) deposition is more than sufficient for Altek to explore any facts that it contends could be relevant to contract interpretation. For example, Altek contends in its letter that it should be entitled to depose Mr. Pagano and ATLC because they were involved in the negotiation of the license agreement. But Altek has already served a 30(b)(6) notice to Kodak that includes a topic directed to the negotiation of the license. In other words, Altek does not need additional depositions to explore Kodak's knowledge of the negotiation of the license agreement.

Altek should not be permitted to increase the scope and expense of initial discovery by disregarding the Court's Discovery Order and pursuing additional depositions. Kodak respectfully requests that the Court deny Altek's request for additional depositions during the targeted discovery period.

Kodak is available to discuss the issues raised in this letter at the Court's convenience.

Respectfully submitted,

Michael J. Summersgill

cc: Michael Heafey (by email)  
Lisa T. Simpson (by email)  
Morvarid Metanat (by email)  
Robert J. Gunther, Jr. (by email)  
Jordan L. Hirsch (by email)  
Jonathan W. Woodard (by email)

ActiveUS 101433443v.1