



ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025-1015

tel +1-650-614-7400
fax +1-650-614-7401

WWW.ORRICK.COM

Morvarid Metanat
(650) 614-7344
mmetanat@orrick.com

September 26, 2012

**VIA E-MAIL** (COTENYSDCHAMBERS@NYSD.USCOURTS.GOV)

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan, United States Courthouse
500 Pearl St.
New York, New York 10007-1312

**MEMO ENDORSED**



Re:   *Eastman Kodak Company v. Altek Corporation*, Case No. 12-cv-246 (SDNY)

Dear Judge Cote:

Altek Corporation respectfully submits this letter to request that the Court clarify the scope of the June 25, 2012 Order regarding discovery in this matter. Dkt. No. 36. Specifically, Altek requests that the Court clarify the limits imposed on the number of depositions each party is entitled to at this stage of the litigation.

While the Order, attached hereto as Exhibit A, states that "each party is entitled to serve one 30(b)(6) notice," there is no indication that any limits have been imposed on *all* depositions. Altek has made several attempts to depose individuals that were directly involved in negotiating the PLA— witnesses with knowledge of facts relevant to the interpretation of various provisions of the PLA that are in dispute at this stage of the litigation. For instance, third-party Andre Troner L.C. was involved in negotiations of the PLA with Altek. Similarly, Michael Pagano, who is no longer a Kodak employee, was also involved in these negotiations. This testimony is critical to determining the parties' interpretation of "open market price" at the time the PLA was executed. Despite the direct relevance of these individuals' knowledge, Altek's efforts to depose these individuals have been met with objection by Kodak at every turn. The parties have met and conferred regarding this issue and have been unable to agree.

Kodak contends that the Court's June 25, 2012 Order limits the parties to a single deposition pursuant to Rule 30(b)(6). Altek respectfully requests that the Court clarify the limits imposed on the number of depositions each party is entitled to at this stage of the litigation.

Very truly yours,

*/s/ M. Metanat*

Morvarid Metanat

MM/fbg

Attachment

cc via e-mail:   Jonathan W. Woodard, Esq.; Jordan L. Hirsch; Michael J. Summersgill; Robert J. Gunther, Jr.

> The parties are limited to a single 30b6 deposition at this stage.
>
> Denise Cote
> Sept. 28, 2012

OHSUSA:751828923.1

# EXHIBIT A

Case 1:12-cv-00246-DLC   Document 45   Filed 09/28/12   Page 3 of 8
Case 1:12-cv-00246-DLC   Document 36   Filed 06/25/12   Page 1 of 6
Case 1:12-cv-00246-DLC   Document 35   Filed 06/22/12   Page 1 of 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

6/25/2012

EASTMAN KODAK COMPANY,

Plaintiff,

v.

ALTEK CORPORATION,

Defendant.

12-cv-246-DLC

~~(PROPOSED)~~ SCHEDULE FOR TARGETED FACT DISCOVERY AND SUMMARY JUDGMENT

Pursuant to the Court's instructions during the June 15, 2012 Initial Pretrial Conference, Plaintiff Eastman Kodak Company ("Kodak") and Defendant Altek Corporation ("Altek") submit this proposed schedule setting deadlines for targeted discovery and possible summary judgment related to the validity and interpretation of disputed provisions in the July 1, 2004 Patent License Agreement (the "PLA").

I.  **The Parties' Proposed Case Schedule And Topics for Discovery**

   A.  **Kodak's Proposed Topics for Discovery**

The parties ~~Kodak proposes that the parties~~ shall complete targeted fact discovery relating to:

- The validity of the PLA, specifically the express condition requiring Altek's Board of Directors to approve the PLA;[1]

- Intrinsic and extrinsic evidence bearing on the proper interpretation of "open market price" as that term is used in the "Contract Assembly" exception of Section 4.14 of the PLA, as well as whether Altek was required to report such excluded sales in its royalty reports to Kodak;

- Intrinsic and extrinsic evidence bearing on the proper interpretation of the royalty exclusion set forth in Section 4.12 of the PLA;

- The negotiation of sections 9.1, 4.12 and 4.14 of the PLA, as well as the fifth and final WHEREAS clause found on Page 1 of the PLA;[2]

---

[1]   Kodak does not believe that fact discovery related to the validity of the PLA is necessary, however, it does not object to providing discovery related to the validity of the PLA at this stage.

- 1 -

Case 1:12-cv-00246-DLC   Document 45   Filed 09/28/12   Page 4 of 8
Case 1:12-cv-00246-DLC   Document 36   Filed 06/25/12   Page 2 of 6
Case 1:12-cv-00246-DLC   Document 35   Filed 06/22/12   Page 2 of 6

- The bases for Altek's claim that its Digital Camera sales are covered by the Contract Assembly exception in Section 4.14 of the PLA, including but not limited to the amount of sales that Altek has excluded in reliance on this provision, how Altek calculated the "open market price' for those sales; and Altek's wholesale price to OEMs for Digital Cameras that are the same or similar to those that Altek excluded from its royalty payments pursuant to Section 4.14 of the PLA; and

- The bases for Altek's exclusion of royalty payments based on Section 4.12 of the PLA, including but not limited to the amount of sales that Altek has excluded in reliance on this provision.

The topics listed above relate directly to whether Altek is in breach of the PLA. Nevertheless, Altek refuses to provide at this stage discovery regarding (i) the sales that Altek has excluded for its royalty payments to Kodak pursuant to Section 4.14 of the PLA; (ii) Altek's calculation of open market price, as that term is used in Section 4.14 of the PLA; (iii) Altek's bases for excluding royalty payments to Kodak under Section 4.12 of the PLA; and (iv) the sales that Altek has excluded for its royalty payments to Kodak pursuant to Section 4.14 of the PLA.

Information related to Altek's bases for excluding sales under Sections 4.12 and 4.14 and the amount of sales that Altek excluded under these provisions is relevant to the Court's assessment of whether Altek's interpretation of Sections 4.12 and 4.14 of the PLA is reasonable. For example, Altek's application of the Contract Assembly exclusion in Section 4.14 since entering the PLA in 2004—as shown through its records of excluded sales and documents showing how it determined open market price—may demonstrate that Altek's contract interpretation arguments are inconsistent with the intent, purpose, and language of the PLA. Information related to the sales that Altek excluded under the PLA also is relevant to whether or not those sales actually meet the royalty exceptions contained in Sections 4.12 and 4.14 and whether Altek has breached the PLA.

---

[2]   Kodak does not believe that fact discovery related to the validity of the PLA is necessary, however, it does not object to providing discovery related to the validity of the PLA at this stage.

Case 1:12-cv-00246-DLC   Document 45   Filed 09/28/12   Page 5 of 8
Case 1:12-cv-00246-DLC   Document 36   Filed 06/25/12   Page 3 of 6
Case 1:12-cv-00246-DLC   Document 35   Filed 06/22/12   Page 3 of 6

**B.     Altek's Proposed Topics for Discovery**

Altek has adopted the majority of the proposed categories of discovery made by Kodak as set forth below. However, Altek objects to discovery that goes to the issues of damages, actual sales, sales prices, liability or other matters that go well beyond the interpretation of the PLA. At the Court conference, the Court instructed that the parties define limited discovery relating to the provisions of the PLA and their proper interpretation. It was clear that issues of liability and damages were not to be included in this initial stage of discovery so that it could be completed expeditiously and the parties could narrow the issues going forward. Specifically, it was to be limited to intrinsic and extrinsic evidence on what the terms of the PLA mean and how they should be interpreted. Kodak's claims that it is entitled to discovery now on whether <u>Altek breached the PLA</u> was not part of what the parties and the Court discussed for this stage of discovery. Moreover, Kodak misrepresents the information that Altek is willing to provide at this stage. ~~Altek proposes that the parties~~ The parties shall also complete targeted fact discovery relating to following topics ~~(as modified from Kodak's proposal)~~:

- The validity of the PLA, specifically the express condition requiring Altek's Board of Directors to approve the PLA;

- Intrinsic and extrinsic evidence bearing on the proper interpretation of the "Contract Assembly" exception in Section 4.14 of the PLA, including the term "open market price" as that term is used in the "Contract Assembly," as well as whether the PLA requires that sales excluded under this exception be reported in royalty reports to Kodak;

- Intrinsic and extrinsic evidence bearing on the proper interpretation of the royalty exclusion set forth in Section 4.12 of the PLA;

- The negotiation of sections 9.1, 4.12 and 4.14 of the PLA, as well as the fifth and final WHEREAS clause found on Page 1 of the PLA ;

- The bases for Altek's interpretation of "open market price" as referenced in the Contract Assembly exception in Section 4.14 of the PLA; and

Case 1:12-cv-00246-DLC   Document 45   Filed 09/28/12   Page 6 of 8
Case 1:12-cv-00246-DLC   Document 36   Filed 06/25/12   Page 4 of 6
Case 1:12-cv-00246-DLC   Document 35   Filed 06/22/12   Page 4 of 6

- The bases for Kodak's interpretation of "open market price" as referenced in the Contract Assembly exception in Section 4.14 of the PLA

### C.     The Parties' Proposed Case Schedule

The parties agree that targeted fact discovery will be completed by **November 2, 2012**. Based on the evidence produced during this targeted fact discovery period, the parties agree that summary judgment motions will be submitted by **December 7, 2012**. Opposition Briefs will be submitted by **January 11, 2013**, and Reply Briefs will be submitted by **January 25, 2013**. After summary judgment has been resolved, the parties can meet and confer to determine additional case deadlines as appropriate, including, for example, deadlines for damages and liability discovery.

## II.    Other Limitations on Discovery

### 1.    Interrogatories

For purposes of the targeted discovery period that will conclude on November 2, 2012, the parties are limited to ten interrogatories each. The parties may revisit the need for additional interrogatories after summary judgment is resolved.

### 2.    Document Requests

For purposes of the targeted discovery period that will conclude on November 2, 2012 the parties are limited to fifteen document requests each. The parties may revisit the need for additional document requests after summary judgment is resolved.

### 3.    Requests for Admission

For purposes of the targeted discovery period that will conclude on November 2, 2012, the parties are limited to twenty requests for admission each. The parties may revisit the need for additional requests for admissions after summary judgment is resolved.

Case 1:12-cv-00246-DLC   Document 45   Filed 09/28/12   Page 7 of 8
Case 1:12-cv-00246-DLC   Document 36   Filed 06/25/12   Page 5 of 6
Case 1:12-cv-00246-DLC   Document 35   Filed 06/22/12   Page 5 of 6

4. **Depositions**

For purposes of the targeted discovery period that will conclude on November 2, 2012, each party is entitled to serve one 30(b)(6) notice limited to the topics at issue in the initial discovery period. The parties may revisit the need for additional depositions after summary judgment is resolved.

    a)    Kodak's Proposal For the Length and Location of Depositions

~~Kodak proposes~~ that depositions shall be limited to 7 hours for each English-speaking fact witness, and 12 hours for each witness for whom translation is required. Kodak also requests that Altek make available for deposition in the United States each witness that it may bring to the United States for trial, *and will cooperate with Altek to schedule those*

    b)    Altek's Proposal For the Length and Location of Depositions

Altek proposes that depositions shall be limited to 7 hours for each English-speaking fact witness, and 10 hours for each witness for whom translation is required. Altek also proposes that 30(b)(6) witnesses must be deposed in the location where they reside so that ready access may be had to records and personnel, as necessary

///

*depositions at a time convenient to the deponent.*

*So ordered.*

*James Cox*

*June 25, 2012*

-5-

Case 1:12-cv-00246-DLC   Document 45   Filed 09/28/12   Page 8 of 8
Case 1:12-cv-00246-DLC   Document 36   Filed 06/25/12   Page 6 of 6
Case 1:12-cv-00246-DLC   Document 35   Filed 06/22/12   Page 6 of 6

Respectfully submitted,

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| *s/ Jonathan W. Woodard* | *s/ Lisa T. Simpson* (with permission) |

Robert J. Gunther, Jr.
Wilmer Cutler Pickering Hale & Dorr, LLP
399 Park Avenue
New York, New York 10022
Tel: (212) 230-8800
Fax: (212) 230-8888
robert.gunther@wilmerhale.com

Michael J. Summersgill
Jordan L. Hirsch
Jonathan W. Woodard
Wilmer Cutler Pickering Hale & Dorr, LLP
60 State Street
Boston, MA 02106
Tel: (617) 526-6000
Fax: (617) 526-5000
michael.summersgill@wilmerhale.com
jordan.hirsch@wilmerhale.com
jonathan.woodard@wilmerhale.com

Attorneys for Eastman Kodak Company

Dated:   June 22, 2012

Lisa T. Simpson
51 W. 52nd Street
New York, NY  10019-6142
(212) 506-5000
lsimpson@orrick.com

Michael F. Heafey (admitted *pro hac vice*)
1000 March Road
Menlo Park, CA  94025-1021
(650) 614-7400
mheafey@orrick.com

Attorneys for Defendant Altek Corporation

Dated:   June 22, 2012