UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY, | Civil Action No.  12-cv-0246-DLC |
| Plaintiff, | |
| v. | Hon. Denise L. Cote |
| ALTEK CORPORATION, | |
| Defendant. | |

**FEDERAL RULE OF CIVIL PROCEDURE 56(D) DECLARATION OF MORVARID METANAT IN SUPPORT OF ALTEK CORPORATION'S OPPOSITION TO EASTMAN KODAK COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1.     I am a member of the State Bar of California and an associate with the law firm of Orrick, Herrington & Sutcliffe LLP, attorneys of record for Defendant Altek Corporation ("Altek").  I make this Declaration in Support of Defendant Altek Corporation's Opposition to Eastman Kodak Company's Motion for Partial Summary Judgment.  Except as set forth herein, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently thereto.

2.     Altek cannot currently present sufficient facts in support of its Opposition to Kodak's Motion for Partial Summary Judgment on the validity of the PLA.

3.      It is my understanding that in 2004, the parties executed a Patent License Agreement ("PLA").  Prior to the execution of the PLA, the parties engaged in negotiations.  During these negotiations Kodak was primarily represented by Laura Quatela, Kodak's current president, and William Troner from ATLC, Kodak's agent.   It is my understanding that Mr. Troner is cooperative with Kodak.  Altek was primarily represented by P.J. Cheng and Michael Chen. Mssrs. Cheng and Chen are no longer Altek employees.  P.J. Chang is currently uncooperative with Altek and its counsel.  Michael Chen has provided limited cooperation with Altek and its counsel.

4.     At this stage of the litigation, the interpretation of the term "open market price" is at issue between the parties.  Kodak argues in its summary judgment motion that both Altek and Kodak knew in 2004 that "open market price" means the "price Altek receives in a non-discounted, arms length transaction."  Altek argues in its Opposition to Kodak's partial summary judgment motion that Altek did not interpret "open market price" as the price Altek receives in a non-discounted, arms length transaction" and that this interpretation was never communicated to Kodak.  Altek argues that both parties intended "open market price" to mean a "retail price."

5. Kodak also argues in its summary judgment motion that the PLA is a valid and binding agreement between the parties. Altek argues in its Opposition to Kodak's Partial Summary Judgment Motion that the PLA is not a valid agreement because its Board of Directors never approved the PLA, and as such, Altek had no authority to enter into the PLA. Kodak asserts that Altek never communicated to Kodak that its Board had not approved the PLA. Altek argues that Kodak never inquired into whether Altek's Board had approved the PLA.

6. On November 15, 2012, Altek took the Rule 30(b)(6) deposition of Kodak. Kodak's Rule 30(b)(6) designee, Michael Pagano, was not personally involved in the negotiation of the PLA. During this deposition, Altek questioned Mr. Pagano regarding verbal and written communications between Kodak and Altek during the negotiation of the PLA. Mr. Pagano, however, admitted that in preparation for the deposition he had not spoken to or interviewed a single Kodak employee that was involved in the negotiation of the PLA." Attached hereto as **Exhibit 1** are true and correct excerpts from the November 15, 2012 Deposition Transcript of Michael Pagano ("Pagano Depo.") at 19:12-14; 20:16-18; 21:21-23; 26:16-18; 26:19-21; 36:9-37:10; 37:23-38:2; 38:19-21; 38:22-39:6; 39:23-40:6; 64:23-25; 75:11-22. Mr. Pagano was unable to testify adequately on a number of topics, including the parties' communications regarding the interpretation of "open market price" and Altek's Board of Director's approval of the PLA.

7. Following this deposition, Altek objected to Kodak's inadequately prepared witness and demanded that Kodak produce a fully prepared Rule 30(b)(6) witness. Kodak agreed to provide a second Rule 30(b)(6) deposition.

8. On January 22, 2013, Altek took the second Rule 30(b)(6) deposition of Kodak. Much like its first witness, however, Kodak's designee, Willy Shih, was unprepared to answer

questions regarding the parties' communications during the negotiation of the PLA.  Attached hereto as **Exhibit 2** are true and correct excerpts from the January 22, 2013, Deposition Transcript of Willy Shih ("Shih Depo.").  Mr. Shih had an hour long telephone conversation with Laura Quatela and William Troner, respectively. As an initial matter, Mr. Shih failed to review any documents prior to these conversations, nor did he go over any documents with the witnesses during these conversations.  Shih Depo. at 7:13-9:2; 62:5-12.  Furthermore, Mr. Shih did not ask either Ms. Quatela or Mr. Troner, whether Kodak had ever communicated to Altek before executing the PLA its interpretation of "open market price," stating that he "had no need to" and found it "unnecessary."  *Id*., 74:10-9; 95:16-96:23.  Mr. Shih also failed to inquire into communications between the parties regarding Altek's Board approval, despite admitting that it was impossible for him to know all of the communications that occurred between Kodak and Altek during the negotiation of the PLA.  *Id*., 31:13-33:8; 33:23-34:11; 34:6-10; 54:17-22; 55:11-24; 119:7-120:9

9.      It is my understanding that Laura Quatela and William Troner are the two Kodak representatives that have the most knowledge of the parties' negotiation of the PLA.  Because Altek does not have access to P.J. Chang and has limited access to Michael Chen, it is imperative that it be able to obtain information directly from Ms. Quatela and Mr. Troner.  While Altek has made attempts to depose these individuals, Kodak has denied them this opportunity.  *See* ECF No. 36.

10.     Kodak then failed to fully prepare its designees for ***two separate*** Rule 30(b)(6) depositions.

11.     As a result of Kodak's unprepared Rule 30(b)(6) witnesses, Altek is without sufficient evidence with respect to the following:

    a. whether Altek communicated its interpretation of "open market price" to Kodak prior to the execution of the PLA;

    b. whether Kodak communicated its interpretation of "open market price" to Altek prior to the execution of the PLA; and

    c. whether Altek communicated to Kodak that its Board of Directors had not approved the PLA.

12. Kodak intends to request that pursuant to Federal Rule of Civil Procedure 56(d), the Court:

    a. Deny Kodak's partial summary judgment motion;

    b. Defer considering Kodak's partial summary judgment motion until Altek has obtained the requested evidence from Kodak;

    c. Allow time for Altek to obtain the requested discovery; or

    d. Issue any other appropriate relief or order.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct.

Dated: February 15, 2013        ORRICK, HERRINGTON & SUTCLIFFE LLP

By:    */s/ Morvarid Metanat*
MORVARID METANAT
Attorneys for Defendant
ALTEK CORPORATION