```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :    12 Civ. 0246 (DLC)
EASTMAN KODAK COMPANY,                  :
                         Plaintiff,     :    MEMORANDUM OPINION
                                        :         AND ORDER
             -v-                        :
                                        :
ALTEK CORPORATION,                      :
                                        :
                         Defendant.     :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

An Opinion and Order dated March 29, 2013 ("March 29 Opinion") granted the plaintiff's motion for partial summary judgment and denied the defendant's motion for partial summary judgment. On April 12, Altek submitted a motion for reconsideration of the March 29 Opinion. Familiarity with the facts of this case, as set out in the March 29 Opinion, is assumed.

The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Id.

Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments not previously presented to the Court."  Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court."  Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Altek's motion for reconsideration does not satisfy this standard.  Altek's motion for reconsideration makes principally two points.  First, Altek argues that the interpretation of "open market price" in the March 29 Opinion erroneously relied on extrinsic evidence.  Altek misreads the March 29 Opinion.  The Opinion concluded that the term "Altek's open market price" in Section 1.13(b) of the PLA unambiguously refers to "the price existing in the open market in which Altek itself sells its digital cameras."  To reach this conclusion, the Opinion did not rely on extrinsic evidence.  Then, applying the plain meaning of "Altek's open market price" to the undisputed facts of this case, the Opinion concluded that in Section 1.13(b) "Altek's open market price" is synonymous with wholesale market price.  Finally, it concluded that "open market price" has the same meaning in Sections 1.13(b) and 4.14.

Second, Altek argues that the analysis in the March 29 Opinion demonstrates that "Retail Price" is a reasonable

2

interpretation of the term "open market price," and thus summary judgment was not warranted.  In particular, Altek argues that if it made sales of cameras under Section 1.13(a)(3) of the PLA -- a section that is not at issue in this case -- those sales would be made in the retail market.  As a result, the term "Altek's open market price" in Section 1.13(a)(3) must refer to retail price.  Thus, Altek concludes, "Retail Price" is a reasonable interpretation of "open market price" in the PLA and summary judgment was not warranted.  Altek's second argument fails for three reasons.

    First, Altek is not entitled to advance arguments that were not previously raised in the motions for summary judgment. Second, to the extent Altek seeks to relitigate the issue of whether "Retail Price" is a reasonable interpretation of "open market price" in Section 4.14 of the PLA, that is not the purpose of a motion for reconsideration.  Finally, this argument suffers from the same flaw exhibited by Altek's first argument. As described above, the March 29 Opinion concluded that "Altek's open market price" refers to "the price existing in the open market in which Altek itself sells its digital cameras."  It is this interpretation that is consistent throughout the PLA.  The issue of whether or not the sales Altek makes pursuant to Section 1.13(a)(3) of the PLA are made in the retail market was not implicated by the parties' motions for summary judgment and

was not decided by the March 29 Opinion.  Accordingly, it is hereby

ORDERED that the defendant's April 12 motion for reconsideration is denied.

SO ORDERED:

Dated:    New York, New York
          April 24, 2013

```
              _____
                    DENISE COTE
              United States District Judge
```