

# ORRICK



JUN 14 2013

DENISE COTE

ORRICK, HERRINGTON & SUTCLIFFE LLP
COLUMBIA CENTER
1152 15TH STREET, NW
WASHINGTON, D.C. 20005-1706

tel +1-202-339-8400
fax +1-202-339-8500

WWW.ORRICK.COM

June 14, 2013

Steven J. Routh
(202) 339-8509
srouth@orrick.com

**MEMO ENDORSED**

VIA E-MAIL

The Honorable Denise L. Cote
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
Courtroom: 15B



6/17/2013

Re: *Eastman Kodak Company v. Altek Corporation*, 12-cv-246 (SDNY): Request of Third Party FUJIFILM Corporation for Protective Order against disclosure of License Fee amount

Dear Judge Cote:

Counsel for Eastman Kodak Company ("Kodak") in the above-referenced action has informed FUJIFILM Corporation ("Fujifilm") that, on May 29, 2013, the Court ordered Kodak to produce the following documents to Altek Corporation ("Altek"), subject to a designation that the documents are "Highly Confidential – Trial Counsel's Eyes Only":

- February 1, 2013 Retained Patents License Agreement

- February 1, 2013 BIDCO DC/KISS Patent License Agreement

- December 18, 2012 Letter Agreement Regarding Amendment and Assumption of Cross License Agreements, Stipulation of Allowed Claim, and Standstill Agreement

Fujifilm was not in attendance at the May 29 conference, and we are not fully informed of all proceedings and issues in this litigation. With one limited exception, however, Fujifilm does not object to production of the above documents, subject to the above confidentiality designation.

That one exception relates to the License Fee amount in Section 3.1 of the February 1, 2013 BIDCO DC/KISS Patent License Agreement. That amount is highly confidential and sensitive business information that Fujifilm does not want disclosed to any person beyond the parties to the agreement. Although Kodak's designation of the documents as "Highly Confidential – Trial Counsel's Eyes Only" is helpful in that regard, it nonetheless does not prevent the unnecessary

RMF 18C-1



**ORRICK**

The Honorable Denise L. Cote
June 14, 2013
Page 2

disclosure of this highly confidential and sensitive business information to counsel for Altek or the possible inadvertent re-disclosure of the information to others.

Moreover, based on our understanding of the license dispute between Kodak and Altek in this litigation, the License Fee in the BIDCO DC/KISS Patent License Agreement would not appear to be relevant to any issues in this litigation, nor would disclosure of that information to Altek otherwise appear to be necessary to a fair and just resolution of the instant litigation.

For the foregoing reasons, the undersigned asked Kodak's counsel to redact the License Fee amount from the BIDCO DC/KISS Patent License Agreement before producing the agreement to Altek. Kodak's counsel has informed me that it does not believe that it is at liberty to redact any information from any of the above-listed documents without leave of Court, in light of the Court's directions at the May 29 pretrial conference. Kodak's counsel further stated that Fujifilm should seek relief from the Court if Fujifilm wants the License Fee redacted before production of the BIDCO DC/KISS Patent License Agreement to Altek. We understand that Kodak's counsel will produce the BIDCO DC/KISS Patent License Agreement to Altek today with the License Fee redacted, pending a ruling by the Court on this request for relief.

Accordingly, Fujifilm respectfully requests that the Court enter a protective order preventing disclosure of the amount of the License Fee in Section 3.1 of the BIDCO DC/KISS Patent License Agreement and instructing Kodak to redact that information from the document before it is produced to Altek.

Fujifilm appreciates the Court's consideration of this matter. Please let me know if the Court would like any further information in support of this request for relief.

Respectfully submitted,

Steven J. Routh
Attorney for FUJIFILM Corporation

*[Handwritten note from Judge:]* Granted. If either party to this litigation believes that the amount of the Fee in §3.1 is relevant to this litigation, it shall make a separate application

cc (by email): Jonathan W. Woodard (Wilmer, Cutler, Hale & Dorr, LLP, on behalf of Kodak)
Matthew D. Powers (Tensegritity Law Group, LLP, on behalf of Altek)

*[Handwritten:]* to the Court on notice to Mr. Routh. /s/ Denise Cote
June 17, 2013